FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRISTINE SUMERLIN,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

No.  1:16-CV-3010-SMJ

**ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION**

Before the Court, without oral argument, are the parties' cross-summary-judgment motions. ECF Nos. 16 & 21. Plaintiff Christine Sumerlin appeals the Administrative Law Judge's (ALJ) denial of benefits. ECF No. 16. Plaintiff contends the ALJ erred in weighing the medical evidence and in finding Sumerlin's symptom testimony less than fully credible. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision.

After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court affirms the ALJ's decision and therefore denies Plaintiff's motion and grants the Commissioner's motion.

ORDER **-** 1

A.   **Statement of Facts**[1]

Sumerlin was born on December 14, 1971, in Milwaukee, Wisconsin. Tr. 35, 549, and 656.[2] Her parents divorced when she was 16 years old. Tr. at 549. She is a victim of sexual and verbal abuse. *Id.* She is a widow, has one adult daughter, and the record reflects that she is in a long-term relationship. Tr. 319 and 550. Sumerlin lives in Yakima, Washington. Tr. at 86.

Between 1991 and January 2012, Sumerlin worked as a certified nurse assistant (CNA) for various nursing homes. Tr. at 54 and 244. The record reflects that she had earned small amounts of income prior to 1991, presumably from a different type or work. Tr. at 225 (listing earnings of $157.45, $408.50, and $7,418.54 for years 1988, 1989 and 1990, respectively). Sumerlin's earnings report details wages she earned between 1988 and 2011 with only 1994 and 2010 listing no earnings. Tr. at 225–26 (year 2012 is blank presumably because she stopped working in January of that year). Sumerlin reports that she stopped working at her last job because of an inappropriate financial interaction where Sumerlin allegedly asked a nursing home resident for money and because of her health conditions. Tr. at 59–60, 550.

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

[2] Citations to "Tr." refer to the administrative record at ECF No. 9.

In her disability report, Sumerlin identifies diabetes, neck injury, lower back injury, and depression as the physical or mental conditions that limit her ability to work. Tr. at 243. Her disability report on appeal states that she has "more pain in neck and lower back." Tr. at 280. Kayla Sumerlin, Plaintifff's daughter, filled out Plaintiff's function report which states that Sumerlin's illnesses, injuries, or conditions "limit every day activities because of diabetes and R.A." Tr. at 270 and 277. There is no explanation of what "R.A." stands for.

The ALJ found that Sumerlin suffers from several severe impairments, including "degenerative disc disease of the lumbar, thoracic, and lumbar spine; degenerative joint disease of the knees; type II diabetes mellitus; bilateral shoulder impairment; obesity; depressive disorder not otherwise specified (NOS); and personality disorder NOS (20 C.F.R. 404.1520(c) and 416.920(c))." *Id.* at 20–21.

**B.    Procedural History**

On February 13, 2012, Sumerlin filed a Title II claim for Disability Insurance Benefits (DIB) and a Title XVI application for supplemental security income. Tr. at 18. In both applications Sumerlin alleged that her disability began on January 22, 2012. *Id.* The Social Security Administration denied her applications upon initial review and reconsideration. Tr. at 18, 134–37, 141–42. She then sought review by an ALJ. Tr. at 159–61. The Appeals Council denied her request for review on

November 20, 2015. Tr. at 1. She filed her complaint appealing that decision in this Court on January 19, 2016. ECF No. 3.

**C.    Disability Determination**

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1,

416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work she has performed in the past by examining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform her previous work, she is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of her age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show (1) the claimant can perform other substantial gainful activity, and (2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if her impairments are of

ORDER - 5

such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

D. **Standard of Review**

On review, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision. *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir.1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 1111 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla, but may be less than a preponderance. *Id.* (citation omitted). Even where the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

**E.     Analysis**

In finding that Sumerlin is not disabled within the meaning of the SSA, the ALJ conducted the required five-step sequential evaluation process detailed above. Tr. at 20–37. At step one, he found that Sumerlin has not engaged in substantial gainful activity since January 22, 2012. Tr. at 20. Next, the ALJ found that Sumerlin suffers from several severe impairments, including "degenerative disc disease of the lumbar, thoracic, and lumbar spine; degenerative joint disease of the knees; type II diabetes mellitus; bilateral shoulder impairment; obesity; depressive disorder not otherwise specified (NOS); and personality disorder NOS (20 C.F.R. 404.1520(c) and 416.920(c))." *Id.* at 20–21. The ALJ also noted that at the hearing Sumerlin made no mention of the cyst on her left wrist, pain symptoms other than in her neck and back, problems with her left foot or ankle, or headaches. *Id*. at 21–22. At step three, the ALJ found that Sumerlin does not suffer from impairments that meet or equal a listed impairment and that her residual functional capacity (RFC) allows her to "perform light work as defined in 20 CFR 404.1567(b) and 416.967 except that she can frequently reach bilaterally." Tr. at 24. He also mentioned activities that she should avoid, such as exposure to extreme cold. *Id.* At step four, the ALJ determined that Sumerlin is unable to perform her past relevant work. Tr. at 35. Finally, he concluded that given Sumerlin's age, education, work experience, and residual

functional capacity, she can perform jobs that exist in significant numbers in the national economy. Tr. at 35.

Sumerlin challenges the ALJ's decision asserting the ALJ erred in (1) weighing the medical evidence and (2) finding Sumerlin's symptom testimony less than fully credible. ECF No. 16 at 11. The Court addresses each contention below.

**1.     The ALJ did not err in weighing the medical evidence.**

In the Ninth Circuit, courts analyze an ALJ's weighing of medical evidence by distinguishing between treating, examining, and nonexamining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The opinion of a treating physician is afforded the most weight, followed by an examining physician's opinion. *Id.* A nonexamining physician's opinion is given least weight. *Id.* "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citation omitted). "An ALJ can satisfy the substantial evidence requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation and quotation marks omitted). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more

persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012–13.

### a. Dr. Burdge

Sumerlin asserts that the ALJ erred by not providing clear and convincing reasons for rejecting Dr. Burdge's opinion that she has moderate[3] limitations in performing activities that would allow her to complete a normal workday and workweek without interruptions from psychologically based symptoms. ECF No. 16 at 13. She maintains that this opinion is uncontradicted. *Id.* at 14. However, her citations to the record belie this assertion. The cited sections of the record refer to medical opinions by doctors other than Dr. Burdge opining that "CP&P may be limited at times, *clmt clmt* [sic] *is capable of completing a normal workweek*." Tr. at 104, 130 (emphasis added). As such, the ALJ was free to reject Dr. Burdge's opinion based on "specific and legitimate reasons supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citation and quotation marks omitted).

Here, the ALJ provides sufficient specific and legitimate reasons to reject Dr. Burdge's opinion. He found that Dr. Burdge's opinions regarding Sumerlin's

---

[3] The parties dispute whether "moderate" and "significant" are synonymous terms. ECF No. 16 at 13 n.1. ECF No. 21 at 5–6 n. 1; ECF No. 23 at 3–4. The Court agrees with the Commissioner's argument, for the reasons it states and cited authority, that the two terms are not synonymous in this context.

ORDER **-** 9

1   "abilities to perform activities within a schedule, to maintain regular attendance, or
2   to complete a normal workday without psychological interruption" were not
3   consistent with her "work history, treatment history, examination findings, and
4   activities." Tr. at 33. In support, he noted that (1) Sumerlin previously had worked
5   despite her depression; (2) Dr. Burdge stated that Sumerlin's depressive disorder
6   was "moderately well managed" with her current medication; (3) she has no
7   subsequently documented mental health treatment other than her pre-existing use
8   of antidepressants; and (4) she has consistently displayed normal mood and affect,
9   good grooming, normal speech, normal memory, and cooperative behavior. *Id.*
10  Taken together, these supplied the ALJ with sufficient reasons to discredit Dr.
11  Burdge's opinion.

### b. Dr. Barnard

13  Sumerlin also challenges the ALJ's finding that Dr. Barnard's opinion that
14  Sumerlin has moderate psychological limitations is inconsistent with evidence in
15  the record. ECF No. 16 at 17–19; Tr. at 34. In effect, she argues that the ALJ
16  insufficiently identified where Dr. Barnard's opinions are different from other
17  opinions and evidence in the record. *Id.*

18  Although it is true that the ALJ did not detail all the reasons why Dr.
19  Barnard's opinion is inconsistent with other opinions and evidence in the portion of
20  the opinion specifically devoted to Dr. Barnard's opinion, he references a prior

portion of the decision where those reasons are detailed. Tr. at 34. Specifically, he references a discussion where he gives "some weight" to two psychologist's opinions that Sumerlin had "mild restrictions of activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation." Tr. at 23. In this portion of his decision, the ALJ describes in detail his reasons for assigning these psychologists' findings "some weight." Tr. at 23–24. The ALJ was required to provide specific and legitimate reasons for rejecting Dr. Barnard's opinion on this point. That he chose to incorporate by reference his reasons was permissible so long as the referenced information provides the requisite reasons for rejecting Dr. Barnard's opinion. Having already detailed the reasons why he found other psychologists' opinion credible on this point, the ALJ provided sufficient reasons why he did not believe Dr. Barnard's opinion was consistent with evidence in the record.

### c. Dr. Emmans

Sumerlin argues that the ALJ erred in giving her treating physician's opinion, Dr. Emman, minimal weight. Dr. Emman's opined that Sumerlin would "miss at least four days of work per month due to headaches, her blood sugar levels, and pain symptoms in her neck, back, shoulder, and elbows." Tr. at 32.

Insofar as the ALJ's decision was made without regard to evidence in the record submitted to the Appeals Council after the ALJ made his decision regarding a shoulder surgery Sumerlin underwent in January 2014, the Court agrees the decision was in error. Tr. 868–69.

Sumerlin urges the Court to find that this error was not harmless. ECF No. 16 at 21. Relying on *Stout v. Commissioner of Social Security Administration*, 454 F.3d 150, 1056 (9th Cir. 2006), Sumerlin asserts the ALJ's error was not harmless because "it was not inconsequential to the ultimate nondisability determination and a reviewing court cannot confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.* (quotation marks omitted). However, the court in *Stout* considered *lay* testimony, not medical testimony. *Id.* Moreover, in this case, the ALJ assigned Dr. Emman's opinion little weight for reasons other than Sumerlin's asserted shoulder pain. The ALJ afforded it little weight because Dr. Emman's opinion "made no references to examination findings or other objective evidence in support of his assessment of physical disability" and because he found it inconsistent with evidence in the record, among other reasons. Tr. at 32. Accordingly, even if the shoulder pain is credited to Sumerlin, there are sufficient other reasons in the record that support affording Dr. Emman's opinion little weight. Thus, in this case, the record as a whole provides sufficient reasons to support the ALJ's findings regarding Dr. Emman's opinion.

*Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163–64 (9th Cir. 2012) (considering the record as a whole when determining whether an ALJ committed error, including additional information submitted for the first time to the Appeals Council which became a part of the record).

### 2.     The ALJ did not err in finding Sumerlin's testimony less than fully credible.

Sumerlin also objects to the ALJ's finding that her testimony was less than fully credible. In part, she objects to the ALJ's reliance on the fact that she received unemployment benefits to find her less than credible. ECF No. 16 at 25. Because the record does not contain any information regarding whether Sumerlin held herself out for full or part-time employment, the Court agrees that the ALJ erred on this issue.

However, it does not follow that this error necessitates reversal as Sumerlin argues. ECT No. 23 at 7–8. Courts look at whether the "ALJ's underlying decision remains supported." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1163 n. 4 (9th Cir. 2008). Sumerlin would have us rely on a dissent to hold otherwise. ECF No. 23 at 8. This Court is bound by *Carmickle* in this regard. Accordingly, as long as sufficient reasons in the record support the ALJ's findings, the Court must affirm the decision.

In addition to the unemployment benefits issue, the ALJ found Sumerlin not fully credible because, among other reasons: (1) she provided inconsistent

ORDER - 13

Case 1:16-cv-03010-SMJ   Document 25   Filed 03/30/17

statements regarding her ability to maintain independence in her daily activities, Tr. at 30; (2) her medical records were inconsistent with her hearing testimony regarding her diabetes, Tr. at 26; and (3) her pain symptoms seemed to be well-controlled by medication that Sumerlin had not persisted with, Tr. at 27. Accordingly, sufficient alternate reasons exist to not fully credit Sumerlin's testimony.

**F.  Conclusion**

In summary, the Court finds the record contains substantial evidence from which the ALJ properly concluded, when applying the correct legal standards, that Sumerlin does not qualify for benefits.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.
2. The Commissioner's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED**.
3. **JUDGMENT** is to be entered in the Commissioner's favor.
4. The case shall be **CLOSED**.

Case 1:16-cv-03010-SMJ  Document 25  Filed 03/30/17

1

2     **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and

3 provide copies to all counsel.

4     **DATED** this 30th day of March 2017.

5     _____
    SALVADOR MENDOZA, JR.

6     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER **-** 15